UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| NATIONAL ATHLETIC TRAINERS' ASSOCIATION, INC., a Texas non-profit corporation,       )<br>)<br>)<br>)<br>         Plaintiff,                                )<br>)<br>VS.                                                    )<br>)<br>UNITED STATES DEPARTMENT OF )<br>HEALTH AND HUMAN SERVICES,  )<br>ET AL.,                                            )<br>)<br>         Defendants.                          ) | CIVIL ACTION NO.<br><br>3:05-CV-1098-G |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the plaintiff, the National Athletic Trainers' Association ("NATA"), for injunctive relief pending resolution of NATA's emergency motion to alter or amend the court's July 21, 2005 memorandum opinion and order and final judgment. For the reasons discussed below, NATA's instant request for injunctive relief is denied.

I.  BACKGROUND

NATA initiated this action on May 27, 2005, seeking injunctive and declaratory relief in connection with the implementation of new regulations

promulgated by the defendants United States Department of Health and Human Services ("H.H.S."), Michael O. Leavitt, Secretary, H.H.S. (the "Secretary"), and Mark McClellan, MD, Administrator, Centers for Medicare and Medicaid Services ("CMS") (collectively, the "defendants"). *See generally* Plaintiff's Application for Temporary Restraining Order, Request for Preliminary and Permanent Injunctive Relief ("Complaint"). On June 3, 2005, this court entered an order, reflecting an agreement between the parties, staying the implementation of revised Medicare policy born of the amended regulations at issue (the "New Rules") until such time as the court could issue a ruling on NATA's request for preliminary injunctive relief or July 22, 2005, whichever first occurred. Order, filed June 3, 2005, at 2-3.

On June 23, 2005, the defendants filed a motion to dismiss NATA's complaint for lack of subject matter jurisdiction. On July 21, 2005, this court granted the defendants' motion to dismiss and entered a judgment of dismissal. Memorandum Opinion and Order, filed July 21, 2005; Judgment, filed July 21, 2005. The New Rules were implemented on July 25, 2005. Defendants' Response in Opposition to Plaintiff's Emergency Motion for Injunctive Relief and Request for Evidentiary Hearing ("Response") at 2, n.2.

On July 29, 2005, NATA filed an emergency motion to alter or amend the court's July 21, 2005, memorandum opinion and final judgment. At the same time, NATA filed the instant motion seeking an injunction prohibiting the Secretary from

continuing the enforce the New Rules.  *See generally* Plaintiff's Brief in Support of Plaintiff's Emergency Motion for Injunctive Relief Pending Resolution of Plaintiff's Emergency Motion to Alter or Amend the Court's July 21, 2005 Memorandum Opinion and Order and Final Judgment, and Request for Evidentiary Hearing ("Motion for Injunctive Relief").

## II.  ANALYSIS

In its motion for injunctive relief, NATA asserted that "[t]he Court has authority to grant an injunction pending resolution of NATA's motion to reconsider (or pending appeal)."  Motion for Injunctive Relief at 3.  In support of this statement, NATA cited Rule 62 of the Federal Rules of Civil Procedure, as well as two Fifth Circuit decisions addressing injunctions issued by the district court pending appeal of its earlier decision.  *Id*. (citing *Wildmon v. Berwick Universal Pictures*, 983 F.2d 21 (5th Cir. 1992) (after appellant timely filed a notice of appeal, district court stayed its earlier judgment under Rule 62(c)), and *Ruiz v. Estelle*, 650 F.2d 555 (5th Cir. 1981) (district court issued injunction pending appeal in accordance with Rule 8 of the Federal Rules of Appellate Procedure.)).  In response, the defendants noted that NATA did not cite any specific subdivision of Rule 62, and further argued that "none of the potentially applicable subdivisions of [Rule] 62 entitle NATA to all the relief it seeks . . . ."  Response at 4.  Moreover, the defendants maintain "it is axiomatic that the Court, having rendered a decision that it lacks subject matter jurisdiction, has no

jurisdiction to issue an injunction *pending* a decision on the motion for reconsideration of that same decision." *Id*. at 7. The court finds the defendants' latter argument persuasive.

While it is well settled that a district court may issue injunctive relief pending determination of its jurisdiction over the underlying dispute, *Stewart v. Dunn*, 363 F.2d 591, 598 (5th Cir. 1966) (citing *United States v. United States Mine Workers of America*, 330 U.S. 258 (1947)), a court lacks the authority to provide injunctive relief once it has determined that it lacks jurisdiction over the underlying case. *Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294-95 (D.C. Cir. 2000); see also *Tropf v. Fidelity National Title Insurance Company*, 289 F.3d 929, 942 (6th Cir. 2002), *cert. denied*, 537 U.S. 1118 (2003). Thus, the court lacks the authority to issue the requested injunctive relief pending determination of NATA's Rule 59(e) motion.

NATA asserts that such a ruling would mean that "no party would ever be able to seek injunctive relief during an appeal of an order dismissing a case for lack of subject matter jurisdiction." Reply at 6. NATA's assertion is incorrect. In light of NATA's Rule 59(e) motion, NATA will have another opportunity to obtain the injunctive relief that it seeks. First, if the court grants NATA's motion to alter or amend, thereby determining that jurisdiction exists to adjudicate the underlying claims for relief, the court will consider NATA's original application for a preliminary

injunction. Additionally, if the court denies NATA's Rule 59(e) motion, NATA may seek an injunction from the Fifth Circuit pending any appeal. FED. R. APP. P. 8(a)(2).

## III. CONCLUSION

For the reasons discussed above, NATA's emergency motion for injunctive relief pending the court's determination of its emergency motion to alter or amend the court's July 21, 2005, memorandum opinion and order and the subsequent judgment is **DENIED**.

**SO ORDERED**.

August 11, 2005.

_____
A. JOE FISH
CHIEF JUDGE